UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Dominic Seals**<br>15616 Wyatt Road<br>East Cleveland, Ohio, 44112<br><br>　　　　　**Plaintiff,**<br>　　v.<br><br>**Xerox Education Services, LLC d/b/a**<br>**ACS Education Services, Inc.**<br>2828 North Haskell Ave., Bldg 1, Floor 9<br>Dallas, TX 75204<br><br>　　　　　**Defendant.** | CASE NO.: 1:15-cv-02163<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Dominic Seals and sets forth a *Complaint* against Defendant Xerox Education Services, LLC d/b/a ACS Education Services, Inc. as follows:

## JURISDICTION

1.  This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.  Plaintiff, Dominic Seals (hereafter "Plaintiff"), is an adult individual residing in East Cleveland, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant, Xerox Education Services, LLC d/b/a ACS Education Services, Inc. ("Xerox"), is a Texas business entity with an address of 2828 North Haskell Avenue, Building 1, Floor 9, Dallas, Texas 75204, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, Xerox contacted Plaintiff in an attempt to solicit its services to Plaintiff.

6. At all times mentioned herein, Xerox called Plaintiff's cellular telephone, number 404-xxx-1497, using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

7. When Plaintiff answered calls from Xerox, he heard a prerecorded message directing him to call Xerox back.

8. During a live conversation with Xerox, Plaintiff requested that all calls to his cellular telephone number cease.

9. Nevertheless, Xerox continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Xerox called Plaintiff on her cellular telephone using an ATDS or predictive dialer and using a prerecorded or artificial voice.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13. Xerox's telephone system(s) have some earmarks of a predictive dialer.

14. When Plaintiff answered calls from Xerox, he heard a prerecorded message directing him to call Xerox back.

15. Xerox's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Xerox continued placing automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Xerox was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Xerox to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

Dated: October 19, 2015

Respectfully submitted,

By: __/s/ *Sergei Lemberg*__

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Dominic Seals

4

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

      /s/ *Sergei Lemberg*
      Sergei Lemberg, Esq.